UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALVIN BALUYOT CERVANIA,<br><br>    Plaintiff,<br>  v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES et al,<br><br>    Defendant. | CASE NO. 3:25-cv-05284-DGE<br><br>ORDER GRANTING MOTION TO<br>DISMISS (DKT. NO. 13) |

This matter comes before the Court on Defendants' motion to dismiss for mootness. (Dkt. No. 13.) Plaintiff's claims are now moot because Plaintiff has been granted relief. The Court, therefore, DISMISSES the case.

**I   BACKGROUND**

In 2021, Plaintiff Alvin Baluyot Cervania filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (Dkt. No. 1 at 2.) On April 3, 2025, Plaintiff filed a petition for writ of mandamus to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his I-485 application. (Dkt. No. 1 at 1.) The parties twice requested—

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 13) - 1

1  and the Court twice granted—that the Court stay the case while they worked towards a

2  resolution. (Dkt. Nos. 7–10.) The case was further stayed during the government shutdown.

3  (*See* Dkt. Nos. 11, 12.)

4  On September 11, 2025, USCIS issued a decision adjudicating Plaintiff's I-485

5  application. (Dkt. No. 14-1 at 2–3.) On November 25, 2025, Defendants filed a motion to

6  dismiss for mootness, arguing Plaintiff's I-485 application had been adjudicated and the Court no

7  longer had subject matter jurisdiction over the case. (Dkt. No. 13 at 1–2.) Plaintiff did not

8  respond to the motion.

## II     LEGAL STANDARD

10  A district court must dismiss an action if the court lacks jurisdiction over the subject

11  matter of the suit. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke federal jurisdiction

12  bears the burden of establishing that jurisdiction exists. A complaint will be dismissed under

13  Rule 12(b)(1) for lack of subject matter jurisdiction if (1) the cause does not "arise under" any

14  federal law or the United States Constitution; (2) there is no "case or controversy" within the

15  meaning of that constitutional term; or (3) the cause is not one described by any jurisdictional

16  statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case becomes moot if the "the issues

17  presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

18  *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).

## III     DISCUSSION

20  The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction

21  over any action in the nature of mandamus to compel an officer or employee of the United States

22  or any agency thereof to perform a duty owed to the plaintiff." Here, Plaintiff contends

23  Defendants have a duty to act on his Form I-485. (Dkt. No. 1.)

Defendants assert the petition should be dismissed pursuant to Rule 12(b)(1) because there is no justiciable case or controversy. Defendants submit a declaration demonstrating that Plaintiff's I-485 application was adjudicated on or about September 11, 2025. (Dkt. No. 14-1.) Accordingly, there is no application on which the Court could compel Defendants to act. *See Akinmulero v. Holder*, 347 F. App'x 58, 60 (5th Cir. 2009) (unpublished) (application for writ of mandamus was moot where USCIS administratively closed I-485 application and petitioner failed to show that there was any claim remaining in his application on which the district court could compel action); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) ("[T]he petition for a writ of mandamus is moot because the USCIS has already adjudicated petitioner's application for adjustment of status to the extent permissible under binding federal regulations."). Because Plaintiff has been granted the relief he sought, the petition for writ of mandamus is now moot.

### IV    CONCLUSION

Accordingly, Defendants' motion to dismiss (Dkt. No. 13) is GRANTED, and the petition for writ of mandamus (Dkt. No. 1.) is DISMISSED as moot. The Clerk of Court is directed to close the case.

Dated this 5th day of January, 2026.

David G. Estudillo
United States District Judge